UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE SILVER COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-1333-B |
| | § | |
| HOLZERN FURNITURE SDN.BHD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Plaintiff Steve Silver Company, Inc.'s Motion to Remand filed April 22, 2014. Doc. 5. For the reasons that follow, Plaintiff's Motion is **DENIED**.

### I.

### BACKGROUND

On November 27, 2013, Steve Silver Company, Inc. ("SSC") filed suit against Holzern Furniture SDN.BHD ("Holzern") in the 422nd District Court, Kaufman County, Texas, seeking recovery of $403,217.57 in damages. Doc. 1-3, Ex. 3, Original Pet.

On January 28, 2014, SSC attempted to effectuate service of process on Holzern by hand delivering a copy of the state court summons and petition to Ms. Lim Siow May at Holzern's offices in Melaka, Malaysia. Doc. 1-4, Ex. 4, Return of Service.

Holzern filed an Answer and General Denial in state district court on April 8, 2014. Doc. 1-4, Ex. 9, Answer. On April 11, 2014, it filed a Notice of Removal in this Court under 28 U.S.C. § 1446. Doc. 1. Removal was premised on this Court's diversity jurisdiction. *Id.*

1

On April 22, 2014, SSC filed a Motion to Remand the case back to state court. Doc. 5. Holzern filed a Response to SSC's Motion to Remand on May 13, 2014, doc. 7, and SSC a Reply on May 16, 2014. Doc. 8. Accordingly, SSC's Motion is now ripe for review.

## II.

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Id.* at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377).

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Coffman v. Dole Fresh Fruit, Co.*, 927 F. Supp. 2d 427, 430 (E.D. Tex. 2013) (internal citations and quotations omitted). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "Because removal

2

raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Coffman*, 927 F. Supp. 2d at 430–31 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gasch v. Hartford Accident & Indem.* Co., 491 F.3d 278, 281–82 (5th Cir. 2007)).

## III.

## ANALYSIS

In support of its Motion to Remand, SSC raises three arguments why removal is improper in this case. First, it argues that diversity jurisdiction "seems to be an outdated concept" for "protecting out-of-state Defendants who could suffer parochial prejudices in state [c]ourt" and that it should give way, as a matter of policy, to SSC's interest in choosing the forum. Doc. 5, Pl.'s Br. 2–3. Second, it appears to suggest that diversity jurisdiction is not present in this case because the parties are not "citizens of different States" as contemplated by 28 U.S.C. § 1332(a)(1). *Id.* at 4. Third, it argues that Holzern failed to timely file its Notice of Removal. *Id.* at 4–5. Holzern objects to each of these arguments and maintains that the case is properly within the Court's diversity jurisdiction because SSC is a citizen of Texas and Holzern is a citizen of Malaysia, and the amount in controversy exceeds $75,000. Doc. 7, Def.'s Resp. Br. 5. As explained below, the Court agrees with Holzern that SSC's arguments lack merit and finds that removal was proper.

A.   *The Court has original jurisdiction over this matter under 28 U.S.C. 1332(a).*

First, the Court finds that it has original jurisdiction over this matter under 28 U.S.C. 1332(a). That statute gives the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is proper in such cases,

3

however, only if there is complete diversity of parties both at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89, 126 S.Ct. 606; *Gasch*, 491 F.3d at 281.

In this case, SSC claims damages in the amount of $403,217.57. Doc. 1-3, Ex. 3, Original Pet. ¶ 16. According to SSC, this sum includes lost margin, returns, freight, disposal fees, labor, and chargebacks stemming from Holzern's alleged shipment of defective furniture to SSC's customers. *Id.* and attachments. Thus, there is no question that the amount in controversy exceeds $75,000. *Mas*, 489 F.2d at 1400 ("[T]he amount in controversy is determined by the amount claimed by the plaintiff in good faith.").

Similarly, there is no question that the parties are citizens of different states. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of both the state or foreign state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1441(c)(1). In this case, Holzern's director Nelson Khoo has stated in a sworn affidavit that Holzern is a Malaysian corporation with its principal place of business in Malaysia. Doc. 7-1, Dec. of Nelson Khoo ¶ 2. Thus, for purposes of determining whether diversity exists, Holzern is a citizen of Malaysia. SSC is a Texas company with its principal place of business in Texas and is, therefore, a citizen of Texas. Doc. 1-3, Ex. 3, Original Pet. ¶¶ 2, 17. Because SSC is a citizen of Texas and Holzern a citizen of Malaysia, complete diversity of parties exists.

The Court concludes, therefore, that it has valid diversity jurisdiction over this matter. Moreover, as SSC has provided the Court with no authority for declining to exercise its diversity

jurisdiction in favor of SSC's interest in choosing its desired forum, the Court respectfully declines to do so. Whether diversity jurisdiction is, as SSC contends, an "outdated concept" and should be abolished or diminished is a matter of policy for the democratically-elected members of Congress to decide.

B.    *Holzern timely filed its Notice of Removal.*

Second, the Court finds that Holzern's removal of the case was timely. Under 28 U.S.C. § 1446, a defendant wishing to remove an action from a state court must file a notice of removal in the federal district court for the district and division within which such action is pending. 28 U.S.C. § 1446(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* § 1446(b). "[T]he time for removal commences upon formal service of process, '*not* by mere receipt of the complaint unattended by any formal service.'" *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (quoting *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

In removal cases, whether a plaintiff has properly served a defendant is determined by reference to the applicable state law. *See Murphy Bros.*, 526 U.S. at 348. Rule 108a of the Texas Rules of Civil Procedure governs service of process on a defendant in a foreign country. It provides:

> Service of process may be effected upon a party in a foreign country if service of the citation and petition is made: (a) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (b) as directed by the foreign authority in response to a letter rogatory or a letter of request; or (c) in the manner provided by Rule 106; or (d) pursuant to the terms and provisions of any applicable treaty or convention; or (e) by diplomatic or consular officials when authorized by the United States Department of State; or (f) by any other means directed by the court that is not prohibited by the law of the country where service is to be made.

5

Tex. R. Civ. P. 108a.

In this case, SSC does not argue and has presented no evidence to suggest that it served Holzern in the manner prescribed by the law of Malaysia, nor does it claim to have attempted service under subparts (b), (d), (e) or (f) of Rule 108a. Rather, SSC appears to argue that it served Holzern under subpart (c) by effectuating service "in the manner provided by Rule 106." Docs. 5, Pl.'s Br. 4; 8, Pl.'s Reply Br. 2.

Rule 106 provides that service may be effectuated on a defendant by, among other methods, "delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto. . . ." Tex. R. Civ. P. 106(a)(1). Where service is being made on a domestic or foreign corporation, however, a party must serve either the corporation's president, vice president, or registered agent. *See* Tex. Bus. Orgs. Code §§ 5.201(a), (b), 5.255(1). Here, SSC attempted to effectuate service on Holzern by hand delivering the summons and a copy of the petition to Lim Siow May, a "shipping officer" at Holzern's offices in Melaka, Malaysia. Doc. 1-4, Ex. 4, Return of Service. Ms. May, however, is not a president, vice president, or registered agent of Holzern. *See* Doc. 7-1, Dec. of Nelson Khoo ¶¶ 4–5. Nor was Ms. May authorized to accept service of documents on behalf of Holzern. *Id.* Because SSC failed to properly effectuate service of process on Holzern, Holzern's 30-day period for filing its notice of removal in federal court never began to run.[1] Accordingly, Holzern's Notice of Removal was timely

---

[1] In its Reply Brief, SSC appears to argue that Holzern waived its right to raise SSC's failed effort at serving process because it did not object to SSC's service in state court prior to filing its answer and general denial. Doc. 8, Pl.'s Reply Br. 2. As Holzern correctly points out, however, this argument fails because challenging a motion to remand on the basis of insufficient service of process "is not a defense to a claim for relief" and "is not waived by filing an answer to a complaint without objection to service of process." *Perez*, 2013 WL 5970405, at *2, n.3 (quoting *Humes–Pollett v. Family Health Ctr., Inc.*, 339 F. App'x 490, 493 (5th Cir. 2009)).

filed.

## IV.

## CONCLUSION

In sum, the Court concludes that Holzern properly removed this case to federal court under 28 U.S.C. § 1441, because the Court has valid diversity jurisdiction over the matter and Holzern complied with the technical requirements of the federal removal statute. SSC's Motion for Remand is therefore **DENIED**.

SO ORDERED.

SIGNED: October 6, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE